## MEULY v. MOORE et al. (No. 7817.)

Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1927.

Brokers ☞88(1)—Evidence held insufficient for jury on claim for commissions for selling land.

Where plaintiff claimed that he was authorized to sell land his brother listed with other brokers for sale, that he sold land, and that sale transaction was conspiracy by defendants to prevent him from getting commission, evidence *held* insufficient for jury.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by A. H. Meuly against Nat Moore and J. H. Davis, composing the firm of Moore & Davis, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. D. Todd, of Corpus Christi, for appellant.
Kleberg & North, of Corpus Christi, for appellees.

FLY, C. J. Appellant sought, in the district court, to recover from Nat Moore and J. H. Davis, composing the real estate firm of Moore & Davis, Henry B. Baldwin, W. F. Sparks, W. H. Nelle, Orville Eastland, and Herman Eastland, composing the firm of Baldwin Land Company, and W. W. Chapman, C. A. Meuly, and E. A. Carter, Sr., the sum of $1,100 actual, and $10,000 exemplary, damages.

This court gathers from 23 typewritten pages of pleadings upon the part of appellant that he is seeking to recover commissions for the sale of a parcel of land belonging to his brother, C. A. Meuly, to Frank A. Winerich, for the sum of $7,000. He alleged that he was a real estate agent, that all the defendants are real estate agents, except C. A. Meuly and E. A. Carter, Sr., who are capitalists, that C. A. Meuly owned lot No. 12 in block 1, in the City of Corpus Christi, and listed the same with Chapman for sale, and Chapman listed the same with Moore & Davis, the price sought to be obtained being $5,000 net for Meuly. It was listed with Moore & Davis for $5,500, and then Moore & Davis listed the lot with appellant, and he was to have all he could get out of his brother's land over $5,500, out of which sum Moore & Davis were to settle with Chapman and get their compensation as well as pay all expenses of closing the deal and pay $5,000 net to C. A. Meuly, the owner.

The petition then represents:

"That the defendants Baldwin Land Company, through one of its members, and at all events one of its agents, having full authority to bind said company namely, said W. H. Nelle, defendant herein, approached the plaintiff with a proposition to purchase said lot 12, as well as the adjoining lot; and after some dickering between them plaintiff sold said lot through the said Baldwin Land Company to Frank A. Winerich, for the sum of $7,000 cash, upon closing deal."

The contract of sale to Winerich was signed by appellant and Moore & Davis as sellers, without any reference to the owner of the land. It was alleged that all the parties sued had entered a conspiracy to deprive appellant of his commissions. The court instructed a verdict for appellees after appellant's testimony. No testimony was presented by appellees.

· The testimony of appellant fails to show that he was ever authorized by his brother, C. A. Meuly, to sell the land, but, on the other hand, he swore that he had no authority to sell the property for his brother. The lot has never been listed with him for sale. He did not procure Winerich as a purchaser, and stated he had never met him until the contract was signed. The evidence fails to show that C. A. Meuly had ever authorized Moore & Davis to sell the land, and the contract was entered into without the knowledge or consent of the owner of the property. The evidence fails to show that C. A. Meuly had notice of the execution of the contract of sale made by his brother and. Moore & Davis to Winerich, and consequently he could not have ratified it. The evidence shows that he conveyed the land to E. A. Carter in good faith. If there was any basis for the claims of appellant, his brother, now dead, had conspired to prevent him from getting commissions, and that appellant had conspired with others to sell the land for a sum far in excess of what his brother was to receive for the land. C. A Meuly entered into a contract to sell the land to E. A. Carter for $5,500 on the same date that appellant had contracted to sell it to Winerich for $7,000, of which $5,000 was to go .to the owner. The evidence does not disclose which contract was first executed. The owner's contract was acknowledged and placed on record. The contract made by appellant was not acknowledged or placed on record. The evidence was stronger to show that the contract was made with Winerich to defeat the sale to Carter than to show that the contract made by the owner was made to defeat the one made by appellant. Appellant failed to show that he or Moore & Davis had any right or authority from the owner to sell the land, but indicates that they were intruders and interlopers. The evidence is made up of surmises and suspicions upon the part of appellant in regard to his brother and every one else he saw proper to connect with the sale of the land. There was no evidence to present to a jury.

The judgment is affirmed.